STATE OF MAINE *vs.* SOLOMON SCHWARZSCHILD.

Cumberland.    Opinion April 6, 1891.

*Life Insurance.    Rebate.    Indictment.    Pleading.    Stat. of 1889, c. 281.*

The true construction of the act of 1889, c. 281, is to require life insurance companies to give equal terms to those persons whom it insures that are of the same class, and to stipulate the terms of insurance in their policies, and to accord to none any other.

An indictment under this statute, charged that the defendant allowed a rebate premium payable on a policy that he issued, but failed to aver that such rebate was not stipulated in the policy. *Held*, that the indictment charges no violation of the statutes.

ON EXCEPTIONS.

This case was presented upon exceptions to the overruling of respondent's general demurrer to an indictment in two counts, drawn under so much of § 1, Chap. 281, Pub. Laws, 1889, as reads as follows : "Nor shall any such company or agent pay or allow, or offer to pay or allow, as inducement to insurance, any rebate of premiums payable on the policy or other benefits to accrue thereon."

The indictment is as follows :   .   .   .   "That Solomon Schwarzschild, otherwise called Solomon Schwarzchild, late of Portland, in the County of Cumberland, laborer, at said Portland, in said County of Cumberland, on the fifteenth day of October, in the year of our Lord one thousand eight hundred and eighty-nine, being then and there an agent of the Mutual Life Insurance Company of New York, a life insurance company then and there legally admitted to do business in this State and then and there doing business in this State, and said Solomon Schwarzschild, otherwise called Solomon Schwarzschild, being then and there lawfully licensed to do business in this State as agent of said Mutual Life Insurance Company of New York, did unlawfully offer to pay, and allow to one Frank B. Milliken, as an inducement for the taking by said Frank B. Milliken, of a policy of insurance for the sum of ten thousand dollars upon the life of said Frank B. Milliken, in said Mutual Life Insurance Company of New York, a rebate of premiums payable on said

policy, to wit :—fifty per cent of the amount of the first annual premium payable on said policy, said rebate then and there amounting to the sum of two hundred and forty-one dollars and fifty cents, against the peace of said state, and contrary to the form of the statute in such case made and provided.

"And the Grand Jurors aforesaid upon their oath aforesaid, do further present, that the said Solomon Schwarzschild, otherwise called Solomon Schwarzschild afterwards, to wit :— on the 15th day of October, in the year of our Lord one thousand eight hundred and eighty-nine, at Portland aforesaid, in the County of Cumberland aforesaid, being then and there an agent of the Mutual Life Insurance Company of New York, a life insurance company then and there legally admitted to do business in this State, and then and there doing business in this State, and said Solomon Schwarzschild, otherwise called Solomon Schwarzschild, being then and there lawfully licensed to do business in this State, as agent of said Mutual Life Insurance Company of New York, did unlawfully pay, and allow to one Frank B. Milliken, as an inducement for the taking by said Frank B. Milliken, of a policy of insurance for the sum of ten thousand dollars, upon the life of said Frank B. Milliken, in said Mutual Life Insurance Company of New York, a rebate of premiums payable on said policy, to wit ;— fifty per cent of the amount of the first annual premium payable on said policy, said rebate then and there amounting to the sum of two hundred forty-one dollars and fifty cents ; against the peace of said state, and contrary to the form of the statute in such case made and provided."

Statute of 1889, c. 281, reads as follows :

"Section 1.   No life insurance company doing business in this state shall make or permit any distinction or discrimination in favor of individuals between insurants of the same class and equal expectation of life, in the amount of payment of premiums, or rates charged for policies of life or endowment insurance, or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of the contract it makes. Nor shall any such company or any agent thereof make any contract

of insurance or agreement as to such contract, other than as
plainly expressed in the policy issued thereon ; nor shall any
such company or agent pay, or allow or offer to pay, or allow
as inducement to insurance, any rebate of premiums payable on
the policy or other benefits to accrue thereon, on any valuable
consideration or inducement whatever not specified in the policy
contract of insurance.

"Section 2.    Any company or officer or agent thereof, violat-
ing any of the provisions of this act shall be punished by a fine
of not more than five hundred dollars for each offense ; and the
insurance commissioner may revoke the license of any agent
convicted of a violation of the provisions of that act."

*N. and H. B. Cleaves,* for defendant.

A regulation made for a class of our citizens, arbitrary in its
character, restricting their rights or privileges, or legal ca-
pacities, in a manner before unknown to the law, should not be
sustained.    The unconstitutionality of an act may be taken
advantage of on a general demurrer.    *State* v. *Merrill,* 45
Maine, 330.

The legislature has no more power to regulate the price for
the sale of a policy of insurance than it has to regulate the price
of commodities sold by other private business corporations.
The general impression seems to be that the life insurance com-
panies doing business in the state, are not doing it at a loss.
Should an individual be prohibited by legislative enactments
from making as favorable a contract as possible as to premiums
on a policy of insurance on his life ?   Can a person be required
by law to pay the advertised schedule rate, and prohibited from
making a contract on more favorable terms, when the parties
are agreed.    Has the legislature power to pass a law prohibiting
the agent of a life insurance company from giving to the assured
a portion of the premium which the agent of the company re-
ceives as his pay for procuring the risk ?

The act in controversy does not fix the maximum rate that
shall be charged by insurance companies, but it does declare
in effect that an individual shall pay the rate named in the
written contract and shall not be permitted to make a different
contract.

The further question arises, is not every policy issued under this law, where a rebate is given or accepted, void? It would be difficult to state any principle of law more plainly founded on common sense and true policy than that which declares that a plaintiff must not appear, from his own showing, to have infringed the law of the land, and if he does, he can not avail himself of the law to enforce a contract made in opposition to law. *Schmidt* v. *Barker*, 87 Am. D. 527.

The indictment charges no offense known to the law. The facts set out do not constitute an unlawful act. If the acts alleged be legal, stating them to be unlawful will not make them so.

Where the same section of an act prohibits an offense, and specifies the acts of which it consists, an indictment for its violation must, by express words, bring the offense substantially within the statute description. In such case, the circumstances mentioned in the statute, to make up the offense, can not be dispensed with, by the general conclusion *contra forman statuti*. *State* v. *Casey*, 45 Maine, 435.

*Frank W. Robinson*, county attorney, for the state.

The word "on," at the beginning of the clause last mentioned, should be read "or." It is a clerical error in the enactment, which becomes manifest upon examination of § 68, Chap. 214, Mass. Acts of 1887, the so-called "anti-rebate" section of the insurance law of that state, of which the Maine statute is an almost literal transcript. As thus corrected the clause should stand by itself as a general provision enacted to prevent other methods of working out the discriminations in insurance, which the preceding provisions of the section may not have effectually covered.

"As in an indictment, so in a statute, clerical errors do not avoid what to the common understanding is plain. If the true reading is evident, and the meaning is, notwithstanding the errors, certain, the statute stands, and is to be interpreted as though they were corrected." Bishop Stat. Crimes (2 ed), § 79 ; *Woodworth* v. *Grenier*, 70 Maine, 242.

To correct an obviously clerical error, "on" may be read as "or," even in the strict construction of a penal statute. Bishop

Stat. Crimes (2 ed.), § 243 ; *Follett* v. *Thomas*, Law Rep. 6 Q.
B., 514-518.

Nothing can be plainer than the duty of the state to see to it
that these great insurance companies, which it has invested with
corporate powers, and permitted to enter into contract relations
of the greatest importance with its citizens, shall not oppress or
impose upon them. Indeed, the history of the enactment under
consideration shows that the companies themselves, as well as
the insurants, stood greatly in need of legislative protection.

See 35th Annual Report of Insurance Commissioner, of
Massachusetts, Part 11, page 12, *et seq.*, where he refers to the
origin of the law.

All ordinary contracts are subject to this general legislative
power of the state. Nor are corporations and their contracts
exempted therefrom. Morawetz Priv. Corp. (2 ed), Vol. II,
§ § 1065-1075.

HASKELL, J.    The true construction of the act of 1889, c.
281, is to require life insurance companies to give equal terms
to those persons whom it insures that are of the same class, and
to stipulate the terms of insurance in their policies, and to accord
to none any other.

The indictment charges that the defendant did allow, to an
assured, a rebate of premiums payable on his policy ; but fails
to allege that such rebate was not stipulated in the policy. If
it was, then no offense under the statute has been committed.

Rebate, says Webster, is "to abate or deduct from ; to make
a discount from for prompt payment." Now, it is not incon-
sistent, that a policy should provide a discount from the stated
premiums upon certain conditions that might be thought just and
desirable ; nor would such stipulation in a policy be in violation
of the statute ; therefore, its non-existence should be neg-
atived in order to charge a violation of the statute. The allega-
tion "unlawfully and contrary to the form of the statute" is not
equivalent to such negation. *State* v. *P. S. & P. Railroad*,
58 Maine, 46.

*Exceptions sustained.    Indictment adjudged bad.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and WHITEHOUSE,
JJ., concurred.